James G. NOBLES, Jr.; Marialice P. Nobles, Petitioners–Appellants,

v.

COMMISSIONER, INTERNAL REVENUE SERVICE, Respondent–Appellee.

No. 96–70244.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1996.

Decided Jan. 13, 1997.

---

1. We note that the district court specifically found that these documents were created in the normal course of business rather than in anticipation of litigation, thus not qualifying as pro-

tected work product. We therefore do not reach the question of a nonparty's ability to invoke the protection of Federal Rule of Civil Procedure 26(b)(3).

John Harrison Wegge, Pasadena, California, for the petitioners-appellants.

Joan I. Oppenheimer, United States Department of Justice, Tax Division, Washington, D.C., for the respondent-appellee.

Before HALL, KOZINSKI, and HAWKINS, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

This case raises the question of when a judge of the United States Tax Court must recuse himself. Because we find no authority in statute or rule mandating recusal, we reject taxpayers' claim that the tax court erred in denying their recusal motion and affirm the tax court's judgment. The tax court had jurisdiction over this case pursuant to I.R.C. §§ 6213, 6214, and 7442. We have jurisdiction under I.R.C. § 7482(a).

## I. Facts

Appellants James and Marialice Nobles were among several hundred participants in a tax shelter who received notices of deficiency from the Internal Revenue Service ("IRS") challenging their shelter-related deductions. In 1983, the Nobles petitioned the tax court for redetermination of their deficiency. The tax court found that their case was governed by the related proceeding of *Abeson v. Commissioner*, 59 T.C.M. (CCH) 391, 1990 WL 40955 (T.C.1990), *aff'd sub nom. Rivera v. Commissioner*, No. 91–70086, 1992 WL 61920 (9th Cir. March 31, 1992). It entered judgment determining their tax liability, and the Nobles appealed. While the appeal was pending, the IRS discovered additional evidence relating to their case and moved to remand the matter for reconsideration in light of the new evidence. This court granted the motion. *Alberts v. Commissioner*, No. 91–70332, 1993 WL 385489 (9th Cir. Sept.30, 1993).

On remand, the case was assigned to Tax Court Judge Joel Gerber, who had been Deputy Chief Counsel for Litigation and then Acting Chief Counsel of the IRS before his appointment to the tax court in 1984. The Nobles moved to recuse Judge Gerber pursuant to 28 U.S.C. § 455 on the grounds that he had been responsible for the initial litigation involving their case by virtue of his IRS

position. Tax Court Chief Judge Lapsley Hamblen, Jr., reviewed the motion and apparently interviewed Judge Gerber, who said he had no knowledge of or involvement in the case while at the IRS. Chief Judge Hamblen subsequently denied the recusal motion. When the proceedings continued before Judge Gerber, the Nobles made no arguments based on the newly discovered evidence but unsuccessfully sought access to other evidence allegedly held by the IRS. After the taxpayers and the IRS agreed to certain deductions, Judge Gerber entered judgment determining the Nobles' tax liability. The Nobles timely appeal.

## II. Analysis

■ Appellants contend that Judge Gerber was required to recuse himself because the involvement of his subordinates in the Nobles' case should be vertically imputed to him under the rule in *United States v. Arnpriester*, 37 F.3d 466 (9th Cir.1994). We do not reach the *Arnpriester* issue, however, because no authority exists in statute or rule for ordering the recusal of a tax court judge in the first place. Appellants brought their recusal motion under 28 U.S.C. § 455(a), which requires a judge or magistrate to disqualify himself when his impartiality might reasonably be questioned, and § 455(b)(3), which mandates recusal where the judge has "served in governmental employment and in such capacity participated as counsel, adviser or material witness or expressed an opinion concerning the merits of the particular case." But the term "judge" for purposes of this statute is defined as including "judges of the courts of appeals, district courts, Court of International Trade, and any court created by Act of Congress, the judges of which are entitled to hold office during good behavior." 28 U.S.C. § 451. Tax court judges serve only a fifteen year term and therefore do not fall within this definition. As a result, the mandatory recusal provisions in section 455 do not apply to tax court judges.[1]

■ Furthermore, we can find no other authority requiring recusal of a tax court judge. Notably, the part of the tax code creating the tax court and defining its jurisdiction does not address the subject. *See* I.R.C. §§ 7441–7487. Although the tax court has the power to promulgate rules of practice under I.R.C. § 7453 and has done so on a variety of matters, there are no rules on recusal. Chief Judge Hamblen's order denying the recusal motion states that the tax court has "chosen to adhere" to the Code of Conduct for United States Judges, which contains provisions substantially similar to section 455(a) and (b)(3). *See* Code of Judicial Conduct Canon 3E(1) and 3E(1)(b). But the tax court has not formally adopted the Code of Conduct, and while judges may voluntarily adhere to it, the code provides no authority to order a judge to disqualify himself on a motion from a party.

The lack of a basis in statute or court rule for requiring tax court judges' recusal may be a significant oversight. Congress has provided for mandatory recusal in other specialized courts, *see* 28 U.S.C. § 460 (Court of Federal Claims), and even for administrative agency adjudications. *See* 5 U.S.C. § 556(b). It may make sense to extend similar rules to the tax court, or perhaps to impose different ones that take into account the specialized nature of tax court practice and the prior service of many of its judges with the IRS. That judgment should rest with Congress or the tax court under its rulemaking authority, however, rather than with this court.

■ In finding that we do not have authority to require recusal, we recognize that the due process clause will in some cases require the recusal of a tax court judge. But we need not decide in this case what those circumstances may be, as the Nobles have not raised a due process claim. Even if they had, the facts presented—particularly Judge Gerber's lack of personal involvement in their case and the absence of any apparent

---

1. There are several cases, including one in this circuit, in which courts have considered recusal motions involving tax court judges. But those decisions denied the motions without addressing whether section 455 or any other statute required recusal. *See, e.g., Noli v. Commissioner,* 860 F.2d 1521, 1527 (9th Cir.1988).

harm from his remaining on the bench—would not establish a due process violation.

The judgment of the tax court is affirmed.