142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Ryan Charles WATT, Defendant-Appellant.
 No. 95-50331, 96-50408.
D.C. No. CR-94-00137-WDK.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Aug. 5, 1997.
Decided Apr. 16, 1998.
 
 Appeal from the United States District Court for the Central District of California William D. Keller, District Judge, Presiding.
 Before BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ryan Charles Watt brings this combined direct appeal and collateral attack challenging his conviction and sentence. He raises three arguments: (1) his Fourth Amendment rights were violated because the state court judge who issued the search warrant improperly considered sheriff's reports in finding probable cause; (2) the state court judge who issued the search warrant erred by failing to recuse himself; and (3) the district court erred in refusing Watt's request for a downward departure under the sentencing guidelines.
 
 I. Motion to Suppress
 
 3
 Watt argues that documentation supporting the warrant application either was not presented to the state court, or should not have been considered by the court in making its probable cause determination. This court affords "great deference" to the state court's initial finding of probable cause. United States v. Clark, 31 F.3d 831, 834 (9th Cir.1994). It will uphold the issuance of the search warrant "so long as the [official] had a substantial basis for concluding that probable cause existed based on the totality of the circumstances." United States v. Mendonsa, 989 F.2d 366, 368 (9th Cir.1993) (internal quotations omitted). In making his probable cause determination, the court is required "to make a practical, common-sense decision ... given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, [that] there [was] a fair probability that contraband or evidence of a crime" would be found at Watt's house. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (internal quotations omitted). So long as all the information was attached as a packet at the time Detective Stewart was sworn, the state court properly considered it in making its probable cause determination. See United States v. Lingenfelter, 997 F.2d 632, 639 (1993).
 
 
 4
 Judge Swart testified that he remembered that sheriff's reports were attached to the warrant application. He recalled that a couple of the sheriff's reports "jumped right out" at him. Judge Swart specifically recalled one sheriff's report wherein a neighbor complained that a bullet entered his bedroom window. We conclude that the district court did not clearly err in finding that the sheriff's reports were submitted to Judge Swart at the time he issued the search warrant. Accordingly, we affirm the district court's denial of Watt's motion to suppress.
 
 II. Writ of Coram Nobis
 
 5
 After sentencing, and after filing a notice of appeal in this court, Watt discovered that as a Deputy District Attorney, Judge Swart, had been involved in prosecuting Watt for assault with a deadly weapon. That prosecution led to a felony conviction, which served as the predicate offense in Watt's present Felon in Possession charge. Upon discovering Judge Swart's participation, Watt requested this court to stay proceedings on his appeal and petitioned the federal district court for a writ of coram nobis. We granted the motion to stay, and after a two-day hearing, the district court denied Watt's petition for a writ of coram nobis. We construe Watt's petition for a writ of coram nobis as a petition under 28 U.S.C. § 2255. See Telinkk, Inc. v. United States, 23 F .3d 42, 45 (9th Cir.1994).
 
 
 6
 Watt argues that Judge Swart's failure to recuse himself amounts to a violation of the Due Process Clause. A judge's failure to recuse amounts to a constitutional violation only if his participation " 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." ' Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 821, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986) (quoting Patterson v. New York, 432 U.S. 197, 201-202, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977)). The district court in this case found that Judge Swart played a very minor role in Watt's prosecution as a Deputy District Attorney, and that Judge Swart did not remember Watt at all when he issued the search warrant. Under these circumstances, any failure to recuse does not amount to the type of "extreme" case that would constitute a constitutional violation. Id.
 
 
 7
 Watt also alleges that Judge Swart violated 28 U.S.C. § 455 by failing to recuse himself. Section 455(a) is a general requirement, which provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) then requires that judges covered by section 455(a) disqualify themselves in certain specific situations. "The term 'judge of the United States' includes judges of the courts of appeals, district courts, Court of International Trade and any court created by Act of Congress, the judges of which are entitled to hold office during good behavior." 28 U.S.C. § 451. The federal recusal statute does not apply to state court judges because they are not "justice[s], judge[s], or magistrate[s] of the United States," as defined by section 451. See Nobles v. Commissioner, 105 F.3d 436, 438 (9th Cir.1997) (noting that section 455 does not apply to federal tax court judges because they serve only fifteen year sentences). Accordingly, the district court did not err in denying Watt's recusal claim.
 
 III. Downward Departure
 
 8
 Watt argues that the district court erred by refusing to grant him a downward departure under U.S.S.G. § 5K2.0. "Generally, a district court's refusal to grant a discretionary departure is not reviewable on appeal. An exception to this rule exists when the district court indicates that it believes that it lacks the authority to depart." United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (1995) (citations omitted). The government concedes that the district court had discretion to depart downward under 5K2.0 and Koon v. United States, 518 U.S. 81, 116 S.Ct. 2035, 2046, 135 L.Ed.2d 392 (1996). The only question is whether the district court understood it had authority to depart.
 
 
 9
 In this case, the district court stated flatly that it did not have discretion to downward depart. In sentencing Watt, the district court expressed its frustration with the Guidelines: "You know, I don't know if they are going to do a study some day on these Guidelines, but this is another example of where the Court should have some discretion, but I don't. This would be a very fine example of why a Court should have some discretion, given the totality of the circumstances."
 
 
 10
 Watt's attorney then argued that the court had discretion to depart downward under U.S.S.G. § 5K2.0.[1] The court responded, "I do not for one moment think you [Watt] fit within 5K2.0. It really is not even debatable ...." The government argues that when the district court said that Watt did not "fit" within 5K2.0 that it was exercising its discretion not to depart under the circumstances of this case. However, because the court clearly stated it did not believe it had discretion to depart, we will not read so much into the court's statement that Watt does not "fit" within 5K2.0. Instead, we remand Watt's sentence to the district court with instructions that it has authority to downward depart under 5K2.0 and Koon. We leave it entirely to the district court to exercise that discretion.
 
 
 11
 AFFIRMED in part and REMANDED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Section 5K2.0 provides, in relevant part:
 Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'