**Barbara LEHMANN, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 02–72981.
Tax Ct. No. 1008–01.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 20, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

Barbara Lehmann appeals pro se the tax court's order dismissing for failure to prosecute her action seeking to challenge the Commissioner of Internal Revenue's ("Commissioner") determination of income tax deficiencies for the tax years 1993

through 1997. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review for abuse of discretion, *Noli v. Commissioner*, 860 F.2d 1521, 1527 (9th Cir.1988), and we affirm.

Lehmann contends the tax court erred in dismissing Lehmann's petition for failure to prosecute. Lehmann did not respond to the Commissioner's attempts to engage in discovery. *See Larsen v. Commissioner*, 765 F.2d 939, 941 (9th Cir.1985) (per curiam) (affirming the tax court's dismissal of petition under Rule 123 because taxpayer refused to stipulate to facts as required by Rule 91). At trial, Lehmann provided no evidence to sustain her burden of showing the Commissioner's deficiency determination was incorrect. *See Palmer v. United States Internal Revenue Serv.*, 116 F.3d 1309, 1312 (9th Cir.1997) Accordingly, the tax court did not abuse its discretion in dismissing Lehmann's petition for failure to prosecute. *See Noli*, 860 F.2d at 1527.

The tax court properly denied Lehmann's motion to recuse the tax court judge. *See Nobles v. Commissioner*, 105 F.3d 436, 438 (9th Cir.1997).

The remainder of Lehmann's arguments are unpersuasive. The Commissioner can, for federal tax purposes, disregard a trust to determine deficiencies based upon the economic realities of a taxpayer's situation. *See Zmuda v. Commissioner*, 731 F.2d 1417, 1420–21 (9th Cir.1984)("although the taxpayer may structure a transaction so that it satisfies the formal requirements of the Internal Revenue Code, the Commissioner may deny legal effect to a transaction if its sole purpose is to evade taxation."); *see also Neely v. United States*, 775 F.2d 1092, 1094–95 (9th Cir.1985).

Lehmann's contention that the trusts were indispensible parties is incorrect because the only issue before the tax court was the amount of Lehmann's tax liability. *See Zmuda*, 731 F.2d at 1420–21. Lehmann's general invocation of the Fifth Amendment cannot shield her from discovery. *See Edelson v. Commissioner*, 829 F.2d 828, 832 (9th Cir.1987).

AFFIRMED.