T.C. Memo. 2005-90


UNITED STATES TAX COURT


DAVID A. LEHMANN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3386-04L.               Filed April 25, 2005.


       P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action was appropriate.

       <u>Held</u>:  Because P has advanced groundless
complaints in dispute of the notice of intent to levy,
R's determination to proceed with collection action is
sustained.

       <u>Held</u>, <u>further</u>, a penalty under sec. 6673, I.R.C.,
is due from P and is awarded to the United States in
the amount of $2,500.


David A. Lehmann, pro se.

<u>Jonae A. Harrison</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.[1] The issues for decision are:  (1) Whether an oral motion by petitioner to dismiss should be granted, and if not, (2) whether respondent may proceed with collection action as so determined, and (3) whether the Court, sua sponte, should impose a penalty under section 6673.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.

Petitioner did not file Federal income tax returns for the years 1993, 1994, 1995, 1996, and 1997.  Petitioner was at all relevant times throughout this period and through the time of trial married to and residing with his wife, Barbara J. Lehmann (Ms. Lehmann).  Ms. Lehmann likewise did not file Federal income tax returns for the 1993 through 1997 years.  On January 26, 1999, respondent received from petitioner a letter dated January 22, 1999, in which petitioner stated:  "From now on all letters

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

will be sent to: c/o 2219 West Deer Valley Road #203, Phoenix, Arizona 85027-1919. This address will serve as my 'last known address' for all purposes unless and until I provide you with another address." The letter was sent in petitioner's name only and did not mention or identify his wife.

On October 12, 2000, two notices of deficiency were issued to petitioner with respect to the years in issue, one for 1993 through 1995 and one for 1996 and 1997.[2] The notices were sent to the West Deer Valley address indicated in petitioner's letter, and duplicate originals were sent to an address on file with respondent at 3040 East McRae Way, Phoenix, Arizona 85027-4916.[3] Both sets were returned as "undeliverable, forwarding order expired". Petitioner did not file a petition with this Court in response to the notices of deficiency, and respondent assessed

_____

[2] As will be discussed in greater detail infra in text, separate notices of deficiency for the 1993 through 1997 years were issued to Ms. Lehmann. Ms. Lehmann contested those notices in this Court at docket No. 1008-01. An order of dismissal and decision was entered in that case on Apr. 10, 2002, and was affirmed by the Court of Appeals for the Ninth Circuit. Lehmann v. Commissioner, 63 Fed. Appx. 412 (9th Cir. 2003). This Court takes judicial notice of facts established by the official record in that action.

[3] The record contains one original from each set, i.e., the notice for 1993 through 1995 showing the West Deer Valley address and the notice for 1996 and 1997 showing the East McRae Way address. The notice of determination consistently in two places explains the circumstances surrounding issuance of the duplicate original notices, and, taking into account the fact that they were issued on the same date and to the same taxpayer, and signed by the same reviewer, the Court is satisfied that duplicate notices were indeed mailed to each address on Oct. 12, 2000.

the taxes, additions to tax, and interest for all 5 years on March 19, 2001. Notices of balance due were sent to petitioner on that date, as well as on April 23, 2001.

Subsequently, on September 16, 2002, respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, with regard to the 1993 through 1997 years. Respondent on October 22, 2002, received from petitioner a Form 12153, Request for a Collection Due Process Hearing, setting forth his disagreement with the proposed collection action, as follows:

> (1) There was a failure to determine a deficiency; (2) There was a failure to issue a Notice of Deficiency; (3) Any Notice of Deficiency was void as it included income subject to Final Partnership Administrative Adjustments under TEFRA; (4) There was a failure to generate an assessment list; (5) There was a failure of the Commissioner to certify and transmit the assessment list; (6) There was a failure to record the assessment; (7) failure to provide record of assessment; and, (8) failure to send Notice of Assessment.

By a letter dated January 29, 2003, the settlement officer to whom petitioner's case had been assigned scheduled a hearing for February 19, 2003, in Phoenix, Arizona. The letter enclosed copies of Forms 4340, Certificate of Assessments, Payments and Other Specified Matters, for each of the years in issue.

Petitioner appeared for the scheduled conference on February 19, 2003, accompanied by a stenographer and James Chisholm, who was identified as a witness. The settlement officer advised petitioner that recording and stenography were no

longer permitted at collection hearings.  He further informed petitioner that they could either proceed without recordation or that a determination could be made based on the information in petitioner's file.  Petitioner declined to proceed and instead submitted to the settlement officer a document entitled "Declaration of David Lehmann", which the settlement officer understood petitioner to say asserted the only issues he intended to present.  The declaration contained the following five statements, the fourth of which duplicated the second:

> 1.  I received the Notice of Intent to Levy and Notice of Right to a Hearing.
>
> 2.  I did not receive the Notices of Deficiency for any of the years 1993 through 1997.
>
> 3.  My wife Barbara Lehmann received Notices of Deficiency for the years 1993 through 1997, dated October 12, 2000 and petitioned Tax Court.
>
> 4.  I did not receive the Notices of Deficiency for any of the years 1993 through 1997.
>
> 5.  I did not receive any of the income attributed to my wife in the Notices of Deficiency sent to her.

Respondent, on March 11, 2003, then issued to petitioner the aforementioned Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy action.

Petitioner's petition disputing the notice of determination was filed on February 25, 2004, and reflected an address in New

River, Arizona.[4]  In the petition, petitioner largely repeated contentions made in his Form 12153 and additionally assigned error on the grounds that he was prohibited from recording the collection hearing.  Petitioner then prayed that this Court issue an order requiring respondent to show cause why the determination should not be vacated; find the determination arbitrary, capricious, not supported by the evidence, an abuse of discretion, and contrary to law; vacate the March 11, 2003, determination; and award petitioner costs and fees incurred in the prosecution of this action.[5]

On September 20, 2004, respondent filed a motion for summary judgment pursuant to Rule 121.  Petitioner was directed to file any response to respondent's motion on or before October 1, 2004.  However, upon review of the record, the Court noted certain internal inconsistencies that rendered summary judgment inappropriate.[6]  By order dated September 30, 2004, the Court

---

[4] Petitioner initially filed a complaint in the U.S. District Court for the District of Arizona on Apr. 10, 2003.  The complaint was dismissed for lack of subject matter jurisdiction on Jan. 21, 2004.  Petitioner's petition to this Court arrived in an envelope bearing a postmark of Feb. 20, 2004.  See sec. 6330(d)(1).

[5] The Court notes that to the extent that the petition seeks reasonable administrative and/or litigation costs pursuant to sec. 7430, any such claim is premature and will not be further addressed.  See Rule 231.

[6] Principally, the exhibits accompanying respondent's motion for summary judgment contained conflicting dates for issuance of
(continued...)

denied the motion for summary judgment but warned petitioner as follows:

> At the same time, the Court cautions petitioner that some, but not all, of the various issues advanced by petitioner during the administrative process have been repeatedly rejected by this and other courts or are refuted by the documentary record. Moreover, maintenance of similar frivolous arguments has served as grounds for imposition of penalties under section 6673. We admonish petitioner that if he persists in making frivolous and groundless tax protester arguments in any further proceedings with respect to this case, rather than raising relevant issues, as specified in section 6330(c)(2), the Court would be in a position to impose a penalty under section 6673(a)(1). * * *

Several days later, on October 8, 2004, the Court received from petitioner his response to respondent's motion. Therein, petitioner principally reiterated his position that, on account of the refusal to permit recording of the collection hearing, the underlying notice of determination should be vacated and his case remanded. He asked that the Court deny respondent's motion for summary judgment. The response was filed for the record, and the case proceeded to trial.

---

[6](...continued)
the underlying notices of deficiency and did not include copies of the notices themselves. For instance, the notice of determination stated at one point that the notices of deficiency were issued on Jan. 10, 2001, and at another point gave a date of mailing of Oct. 12, 2000. As later became clear at trial, certain of the references were inadvertently made to the "Last Day to File a Petition With the United States Tax Court" date stamped on the front of the notices of deficiency, rather than the issuance date, also stamped on the front.

The case was called from the calendar of the trial session of the Court in Phoenix, Arizona, on October 18, 2004. Petitioner at that time submitted a pretrial memorandum that incorporated by reference the legal arguments stated in petitioner's earlier response to respondent's motion for summary judgment but offered no additional reasoning. Petitioner's pretrial memorandum was filed with the Court after respondent indicated no objection to late filing. The case was then heard on October 19, 2004, and both petitioner and his wife testified.

At the close of trial, petitioner stated: "All I have to say is I move to have this case dismissed on the grounds that they weren't prepared." Presumably, the basis for this statement is that, as a predicate to the admission into evidence as business records of copies of the statutory notices of deficiency underlying the assessments, counsel for respondent requested a brief recess to procure the testimony of a revenue agent. This request was granted, and a revenue agent testified as to the manner in which the documents in petitioner's administrative file were maintained in the regular course of business.

OPINION

I.  Oral Motion To Dismiss

As a threshold matter, the Court briefly addresses petitioner's motion to dismiss this case on grounds of respondent's lack of preparedness. Although we agree that

counsel for respondent might have been more ready, based on our September 30, 2004, order, to address inquiries from the Court regarding the notices of deficiency, the need formally to introduce the documents into evidence may have been unanticipated. Counsel quickly responded to the situation by procuring the testimony of a revenue agent. Only very minimal delay ensued, and we do not perceive that petitioner was prejudiced thereby. The Court is aware of no precedent for employing dismissal in such circumstances.

The Court further is satisfied that the testimony of the agent laid a proper foundation for admission of the notices of deficiency under rules 901 and 803(6) of the Federal Rules of Evidence. See also sec. 7453; Rule 143(a). Petitioner's oral motion to dismiss shall be denied.

## II. Collection Action

### A. General Rules

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment. Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for taxpayers in such levy situations. Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before

collection may proceed.  Section 6331(d) also indicates that this notification should include a statement of available administrative appeals.  Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has received notice of the opportunity for administrative review of the matter in the form of a hearing before the Internal Revenue Service Office of Appeals.  Section 6330(b) grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer.

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>
> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and
>
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of

> other assets, an installment agreement, or an offer-in-compromise.
>
> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or the U.S. District Court, depending upon the type of tax.  In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

> where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

B.  Analysis

1.  Appeals Hearing

Hearings conducted under section 6330 are informal proceedings, not formal adjudications.  Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000).  There exists no right to subpoena witnesses or documents in connection with section 6330 hearings.  Roberts v.

Commissioner, 118 T.C. 365, 372 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002); Davis v. Commissioner, supra at 41-42. Taxpayers are entitled to be offered a face-to-face hearing at the Appeals Office nearest their residence. Where the taxpayer declines to participate in a proffered face-to-face hearing, hearings may also be conducted telephonically or by correspondence. Katz v. Commissioner, supra at 337-338; Dorra v. Commissioner, T.C. Memo. 2004-16; sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs. Furthermore, once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself or herself of that opportunity, we have approved the making of a determination to proceed with collection based on the Appeals officer's review of the case file. See, e.g., Taylor v. Commissioner, T.C. Memo. 2004-25; Leineweber v. Commissioner, T.C. Memo. 2004-17; Armstrong v. Commissioner, T.C. Memo. 2002-224; Gougler v. Commissioner, T.C. Memo. 2002-185; Mann v. Commissioner, T.C. Memo. 2002-48. Thus, a face-to-face meeting is not invariably required.

Regulations promulgated under section 6330 likewise incorporate many of the foregoing concepts, as follows:

> Q-D6. How are CDP hearings conducted?
>
> A-D6. * * * CDP hearings * * * are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting. A CDP

hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof. * * *

Q-D7.  If a taxpayer wants a face-to-face CDP hearing, where will it be held?

A-D7.  The taxpayer must be offered an opportunity for a hearing at the Appeals office closest to taxpayer's residence or, in the case of a business taxpayer, the taxpayer's principal place of business. If that is not satisfactory to the taxpayer, the taxpayer will be given an opportunity for a hearing by correspondence or by telephone.  If that is not satisfactory to the taxpayer, the Appeals officer or employee will review the taxpayer's request for a CDP hearing, the case file, any other written communications from the taxpayer (including written communications, if any, submitted in connection with the CDP hearing), and any notes of any oral communications with the taxpayer or the taxpayer's representative.  Under such circumstances, review of those documents will constitute the CDP hearing for the purposes of section 6330(b).  [Sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs.]

This Court has cited the above regulatory provisions with approval.  See, e.g., Taylor v. Commissioner, supra; Leineweber v. Commissioner, supra; Dorra v. Commissioner, supra; Gougler v. Commissioner, supra.

With respect to the instant matter, the record reflects that petitioner was provided with an opportunity for a face-to-face hearing on February 19, 2003.  The hearing did not proceed when petitioner was not permitted to record the meeting.  On July 8, 2003, in Keene v. Commissioner, 121 T.C. 8, 19 (2003), this Court held that taxpayers are entitled, pursuant to section 7521(a)(1),

to audio record section 6330 hearings.  The taxpayer in that case had refused to proceed when denied the opportunity to record, and we remanded the case to allow a recorded Appeals hearing.  Id.

In contrast, we have distinguished, and declined to remand, cases where the taxpayer had participated in an Appeals Office hearing, albeit unrecorded, and where all issues raised by the taxpayer could be properly decided from the existing record. E.g., id. at 19-20; Frey v. Commissioner, T.C. Memo. 2004-87; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Brashear v. Commissioner, T.C. Memo. 2003-196; Kemper v. Commissioner, T.C. Memo. 2003-195.  Stated otherwise, cases will not be remanded to Appeals, nor determinations otherwise invalidated, merely on account of the lack of a recording when to do so is not necessary and would not be productive.  See, e.g., Frey v. Commissioner, supra; Durrenberger v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra; see also Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).  A principal scenario falling short of the necessary or productive standard exists where the taxpayers rely on frivolous or groundless arguments consistently rejected by this and other courts.  See, e.g., Frey v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra.

Because no hearing had been conducted at all in petitioner's case and the record contained certain factual ambiguities, we

declined to grant respondent's motion for summary judgment. The record as it then existed did not foreclose the possibility that petitioner might have raised valid arguments had a hearing been held. Accordingly, we provided petitioner an opportunity before the Court at the trial session in Phoenix to identify any legitimate issues he wished to raise that could warrant further consideration of the merits of his case by the Appeals Office or this Court.

At trial, the comments of petitioner and his wife focused almost exclusively on petitioner's assertion that he did not receive the notices of deficiency and on corollary matters regarding his address. However, as will be explained in greater detail below, petitioner failed to raise any legitimate substantive issues requiring or justifying additional review under the framework of section 6330. The record therefore does not indicate that any purpose would be served by remand or additional proceedings. The Court concludes that all pertinent issues relating to the propriety of the collection determination can be decided through review of the materials before it.

### 2. Review of Underlying Liabilities

The evidentiary record establishes that statutory notices determining deficiencies with respect to the 1993, 1994, 1995, 1996, and 1997 taxable years were issued to petitioner. Respondent's records indicate that the notices were returned as

undeliverable, forwarding order expired. Petitioner asserts that he never received the notices, and at trial he and his wife testified regarding their various addresses.

In particular, petitioner acknowledged that he wrote and signed the January 22, 1999, letter communicating the West Deer Valley address. He also failed to identify any subsequent communication providing the Internal Revenue Service with a superseding address. Ms. Lehmann testified explicitly that no superseding letter had been sent to supply new or updated information. Thus, the notices of deficiency were sent in a manner in compliance with, and valid under, section 6212 and corresponding regulations,[7] requiring that a notice of deficiency be sent to a taxpayer's last known address. Sec. 6212(a) and (b)(1).

Concerning issues bearing on receipt for purposes of section 6330, petitioner initially stated that West Deer Valley was his address as of January 22, 1999. Then he said he probably moved at about that time. Next, he testified that it had been over 8 years since he and his wife had lived at either the West Deer Valley address or the East McRae Way address. Finally, he stated explicitly that they had "been living at our address we're at now since 1996."

---

[7] See supra note 3.

In this connection, the Court notes that the address used by petitioner on his petition and on other papers filed with the Court throughout this proceeding is 48412 North Black Canyon Hwy #252, New River, Arizona 85087. However, the address reflected on the notices of deficiency issued to petitioner's wife on October 12, 2000, and with respect to which a Tax Court petition was filed at docket No. 1008-01, was 22444 North 23rd Avenue or Lane,[8] Phoenix, Arizona 85027. This address was used by Ms. Lehmann throughout that proceeding, from March of 2001 to September of 2002. At trial in the instant case, Ms. Lehmann testified that she and petitioner lived together during the 1993 through 1997 period and at the time her earlier Tax Court proceedings were underway. She stated that petitioner was aware of those proceedings and discussed them with her. There is also indication in the testimony that petitioner and his wife employed post office boxes at various times, and it is unclear precisely which of the addresses used pertain to boxes as opposed to residences.

Although section 6330(c)(2)(B) generally entitles taxpayers to raise the issue of underlying liability if they did not receive a notice of deficiency or otherwise have an opportunity

---

[8] One notice used "Ave.", while the other used "Lane". Lane was employed on the majority of the documents filed during the proceedings, but the parties indicated at the 2002 trial in that case that avenue was more correct.

to dispute the liability, the Court has held that taxpayers cannot defeat actual receipt by deliberately refusing delivery of a statutory notice. Sego v. Commissioner, 114 T.C at 610-611; Tatum v. Commissioner, T.C. Memo. 2003-115; Carey v. Commissioner, T.C. Memo. 2002-209; Baxter v. Commissioner, T.C. Memo. 2001-300. Here, the testimony given at trial suggests that petitioner's communication of the West Deer Valley address to the Internal Revenue Service in January of 1999, and subsequent failure to notify of any new addresses, may have been a deliberate preemptive attempt to prevent delivery of any notice of deficiency. The substantial nature of the relevant tax deficiencies, exceeding $250,000 for each of the years in issue, further enhances the likelihood of this scenario. To the extent that the West Deer Valley address had been outdated for 8 years or "since 1996" at the time of trial in October of 2004, the 1999 letter would have been inaccurate when written. Petitioner would reasonably be considered in such circumstances to have deliberately repudiated his opportunity to contest the notices of deficiency in this Court and likewise now to be precluded from challenging his underlying liability in this proceeding.

Nonetheless, even if petitioner were entitled to contest his underlying liabilities at this juncture, he has at no time offered even a scintilla of evidence that would show error in respondent's determinations. He declined at trial to address in

any way the merits of the deficiencies, despite being warned as follows:

> you wanted to record your hearing and were not permitted to do so, so you didn't participate in the hearing.  This trial is being recorded.  This is your chance, your only chance unless I remand the case, to present any and all issues that you wish to raise with respect to your 6330 hearing.  And that will be on the record.

Thus, even a de novo review would not avail petitioner, and, moreover, he has now forfeited his chance to suggest any meritorious issues worthy of remand.

### 3.  Review for Abuse of Discretion

Petitioner has also made various arguments relating to aspects of the assessment and collection procedures that we review for abuse of discretion.  Action constitutes an abuse of discretion under this standard where arbitrary, capricious, or without sound basis in fact or law.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Federal tax assessments are formally recorded on a record of assessment in accordance with section 6203.  The Commissioner is not required to use Form 23C in making an assessment.  Roberts v. Commissioner, 118 T.C. at 369-371.  Furthermore, section 6330(c)(1) mandates neither that the Appeals officer rely on a particular document in satisfying the verification requirement nor that the Appeals officer actually give the taxpayer a copy of the verification upon which he or she relied.  Craig v.

Commissioner, 119 T.C. 252, 262 (2002); Nestor v. Commissioner, 118 T.C. at 166.

A Form 4340, for instance, constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203. Davis v. Commissioner, 115 T.C. at 40 (and cases cited threat). Consequently, absent a showing by the taxpayer of some irregularity in the assessment procedure that would raise a question about the validity of the assessments, a Form 4340 reflecting that tax liabilities were assessed and remain unpaid is sufficient to support collection action under section 6330. Id. at 40-41.  We have specifically held that it is not an abuse of discretion for an Appeals officer to rely on Form 4340, Nestor v. Commissioner, supra at 166; Davis v. Commissioner, supra at 41, or a computer transcript of account, Schroeder v. Commissioner, T.C. Memo. 2002-190; Mann v. Commissioner, T.C. Memo. 2002-48, to comply with section 6330(c)(1).

Here, the record contains a Form 4340 for each of the years at issue, indicating that assessments were made for the year and that taxes remain unpaid.  Petitioner has failed to cite any irregularities with respect to the Forms 4340 introduced into evidence that would cast doubt on the information recorded thereon.

In addition to the specific dictates of section 6330, the Secretary, upon request, is directed to furnish to the taxpayer a

copy of pertinent parts of the record of assessment setting forth the taxpayer's name, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.  Sec. 6203; sec. 301.6203-1, Proced. & Admin. Regs.  A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203 and section 301.6203-1, Proced. & Admin. Regs. Roberts v. Commissioner, supra at 370 n.7.  This Court likewise has upheld collection action where taxpayers were provided with literal transcripts of account (so-called MFTRAX).  See, e.g., Frank v. Commissioner, T.C. Memo. 2003-88; Swann v. Commissioner, T.C. Memo. 2003-70.  The January 29, 2003, letter to petitioner from the settlement officer enclosed copies of Forms 4340 for each year.

Petitioner has also denied receiving the "Notices of Assessment", presumably alluding to the notice and demand for payment that section 6303(a) establishes should be given within 60 days of the making of an assessment.  However, a notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a).  Craig v. Commissioner, supra at 262-263.  The Forms 4340 indicate that petitioner was sent notices of balance due for the tax years involved, and petitioner has never denied receiving these notices.

Thus, with respect to those issues enumerated in section 6330(c)(2)(A) and subject to review in collection proceedings for abuse of discretion, petitioner has not raised any spousal defenses, valid challenges to the appropriateness of the collection action, or collection alternatives. As this Court has noted in earlier cases, Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and that any issue not raised in the assignments of error shall be deemed conceded. See Lunsford v. Commissioner, 117 T.C. at 185-186; Goza v. Commissioner, 114 T.C. 176, 183 (2000). For completeness, we have addressed various points advanced by petitioner during the administrative process or before us in Phoenix, but no meritorious items were pursued even in those proceedings. Accordingly, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion.

## III. Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or

groundless.  In <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000), the Court warned that taxpayers abusing the protections afforded by sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions will face sanctions under section 6673.  The Court has since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty.  See, e.g., <u>Craig v. Commissioner</u>, 119 T.C. at 264-265 (and cases cited threat).

With respect to the instant matter, we are convinced that petitioner instituted and maintained this proceeding primarily for delay.  Throughout the administrative process and in his petition, petitioner advanced contentions and demands previously and consistently rejected by this and other courts.  While his procedural stance concerning recording was correct and his contentions regarding nonreceipt of the notices of deficiency initially gave us pause, his testimony and that of his wife revealed that these matters in petitioner's circumstances posed no legitimate basis for contesting the collection determination. Hence, petitioner ignored the Court's explicit warning that any further proceedings would be justified only in the face of relevant and nonfrivolous issues.  Moreover, petitioner was expressly alerted to the potential use of sanctions in his case.

Yet he appeared at the trial session in Phoenix without any legitimate evidence or argument in support of his position.

Petitioner therefore received fair warning but has persisted in frivolously disputing respondent's determination.  The Court concludes that a penalty of $2,500 should be awarded to the United States in this case.  To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.