**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD A. CANATELLA, | No. 14-73457 |
| Petitioner-Appellant, | Tax Ct. No. 13787-12 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Richard A. Canatella, an attorney, appeals pro se from the Tax Court's

decision, after a bench trial, upholding the determination of income tax

deficiencies and penalties.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).

We review for an abuse of discretion the denial of a recusal motion.  *Glick v.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Edwards*, 803 F.3d 505, 508 (9th Cir. 2015). We affirm.

The Tax Court did not abuse its discretion in denying Canatella's motion for recusal because Canatella failed to establish any ground for recusal. *See Nobles v. Comm'r*, 105 F.3d 436, 438 (9th Cir. 1997) (explaining that the "mandatory recusal provisions in section 455 do not apply to tax court judges," and noting the absence of a basis in statute or court rule for requiring tax court judges' recusal); *see also United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth grounds for recusal including "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Canatella's contention that the Tax Court demonstrated bias, partiality, or otherwise violated Canatella's due process rights.

We do not consider arguments, allegations, or evidence raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

The Commissioner's motion to strike extra-record material and arguments (Docket Entry No. 26) is granted.

**AFFIRMED.**