Omar Ahmed KHADR, Appellant,

v.

UNITED STATES of America, Appellee.

CMCR 13–005.

United States Court of Military Commission Review.

Signed Oct. 17, 2014.

Samuel T. Morison and Major Justin Swick, USAF, Office of the Chief Defense Counsel, and Dennis Edney, Law Society of Alberta, Canada, on motions for Appellant Omar Ahmed Khadr.

Brigadier General Mark S. Martins, U.S. Army; Captain Edward S. White, JAGC, U.S. Navy; Danielle S. Tarin, and Marc A. Wallenstein, on motions for Appellee United States Government.

Before the Court POLLARD, Presiding Judge, WARD and WEBER, Appellate Judges.

## PUBLISHED OPINION
## OF THE COURT

POLLARD, Presiding Judge:

Appellant Omar Ahmed Khadr filed two motions, one dated August 5, 2014, and the other August 20, 2014, asking me to recuse myself from hearing his appeal that is pending before our Court. Both motions are denied.

### The Motions

In his first motion, Khadr argues that I have committed a high misdemeanor by practicing law in my private capacity while I hold office as a "judge appointed under the authority of the United States," citing 28 U.S.C. § 454. Appellant's Aug. 5, 2014 Motion to Recuse Judge Pollard 1–5. A high misdemeanor, of course, is an impeachable offense that, upon conviction, would result in removal from office. *See* U.S. Const., Art. II, § 4 ("The President, Vice President and 'all civil officers of the United States, shall be removed from office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors."). Khadr contends that, because, in his view, I am engaged in conduct contrary to law that is a high misdemeanor, I should recuse myself in order "to preserve the integrity of judicial proceedings conducted under the authority of the United States." *See* Appellant's Aug. 5, 2014 Motion to Recuse Judge Pollard 5.

Appellee argues that the recusal motion should be denied. Distilled to its core, the government argues that § 454 only applies to Article III judges, and judges of the U.S. Court of Military Commission Review (USCMCR) do not fit into that category. Therefore, the prohibition found in § 454 on the practice of law does not apply to USCMCR judges. Appellee's Aug. 11, 2014 Brief in Opposition to Motion to Recuse Judge Pollard 1, 9.

The second motion argues that my practice of law in a private capacity might violate 18 U.S.C. §§ 203 and 205 and, at a minimum, this raises an appearance of impropriety that should result in recusal. Appellant's Aug. 20, 2014 Motion to Recuse Judge Pollard 1. Sections 203 and 205 are criminal statutes that make it unlawful for certain federal employees to obtain compensation for representing parties in claims against the government or one in which the government has a substantial interest or share in the proceeds of a claim against the government. *Id.* at 3. In his motion, Khadr conceded that he does not know "whether [I am] violating the law" or whether my appointment as a part-time, as-needed federal judge permits me to

maintain a private practice. *Id.* at 4. Notwithstanding this, Khadr concludes that "a reasonable outside observer with knowledge of the publicly available facts would have to conclude that [I am] apparently violating the law." *Id.* He further contends that this "creates an insuperable appearance of impropriety which undermines 'public confidence in the integrity of the judicial system.' *United States v. Quintanilla,* 56 M.J. 37, 45 (C.A.A.F.2001)," that should result in recusal. *Id.* (other internal citations omitted).

The government argues that, assuming that §§ 203 and 205 apply, the disqualification motion should be denied because Khadr failed to put forth specific facts demonstrating that I have violated the statutes, citing *In re Kaminski,* 960 F.2d 1062, 1065 n. 3 (D.C.Cir.1992) (per curiam) ("A judge should not recuse himself based on conclusory, unsupported or tenuous allegations."). Appellee's Aug. 25, 2014 Brief in Opposition to Motion to Recuse Judge Pollard 3–4.

### Background

The USCMCR, as currently constituted, is the successor of a Department of Defense (DOD) review tribunal of the same name that was created under the Military Commission Act of 2006 (2006 MCA). *See* Section 950f(a), Pub.L. No. 109–366, 120 Stat. 2631. The judges of the prior court were military appellate judges appointed by the Secretary of Defense from the ranks of those who "meet the qualifications for military judges prescribed by section 948j(b) of [the 2006 MCA] or [were] civilian[s] with comparable qualifications." *See* 2006 MCA, § 950f(b). The civilian judges also served on a part-time, as-needed basis, and were considered a part of the executive branch. Two of the civilian judges continued their private practice of law while sitting as USCMCR judges.[1]

In 2009, Congress reconstituted and reorganized the court. Military Commissions Act of 2009, Pub.L. No. 111–84, 123 Stat. 2574 (2009) (2009 MCA), 10 U.S.C. §§ 948a *et seq.* The USCMCR now is a court of record created under Congress' Article I powers. *See* 10 U.S.C. § 950f(a). It is composed of judges who are either commissioned officers who are qualified to be military appellate judges or civilians. The civilian judges must be nominated by the President and confirmed by the Senate. *See* 2009 MCA § 950f(b)(3). One thing that did not change is that the judgeship remains a part-time, as-needed position. The military judges simultaneously serve on one of the Service courts of criminal appeals. 2009 MCA § 950f(b)(2). The

---

1. Prior to the passage of the 2006 Military Commissions Act (MCA), there was a Military Commission Review Panel created by the Secretary of Defense under authority granted to him by an executive order. *See* "Detention, Treatment, and Trial of Certain Non–Citizens in the War Against Terrorism," 66 Fed.Reg. 57833 (Nov. 16, 2001). Pursuant to that order, the Secretary published Military Commission Order (MCO) No. 1 on March 21, 2002, and revised it on August 31, 2005. It created the Review Panel and authorized the appointment of military officers, who could be civilians commissioned pursuant to 10 U.S.C. § 603, as Appellate Military Judges. On September 21, 2004, the Secretary appointed four civilians, former Attorney General Griffin Bell as Chief Judge, and former Secretary of Transportation William T. Coleman, Jr., Chief Justice of the Rhode Island Supreme Court Frank Williams, and former Congressman and Attorney General for the State of Pennsylvania Pete Biester, as Appellate Military Judges with a view toward commissioning them as temporary major generals in the U.S. Army when ordered to active duty. *See* DOD, Office of Military Commissions website, "U.S. Court of Military Commissions Review (USCMCR) History," http://www.mc.mil/ABOUTUS/USCMCRHistory.aspx. All four Appellate Judges also served on the Court created by the 2006 MCA. Judges Bell and Coleman continued their association with national law firms during their tenure in office.

two civilian judges currently on our Court maintained full-time employment in the private sector after their appointment. One civilian judge, until recently, was a full-time law school professor at Duke Law School. He now is a professor *emeritus.* I am the other, and, as Khadr correctly points out, in my private capacity, I continue to practice law with a law firm.

During the pre-nomination and confirmation process, it was discussed and understood that the civilian judges would continue with their private employment. I noted this circumstance in one of the many required forms that I submitted prior to my nomination: "The position for which I am being considered is a part-time judicial position. It is my understanding that, subject to conflict of interest rules, I may continue to practice law at my current law firm if. confirmed by the Senate." Both civilian judges also noted that they would continue with their private employment in their biographical statements posted on the Military Commission's website after their confirmation.˙ Since taking office in September 2012, I have continued to practice law. At the same time, I have adhered to the ethical rules, regulations, and statutes that govern my judgeship.

### Discussion

Under the Court's rules, a recusal motion is addressed to the judge whose recusal is sought for "a final decision." *See* Rule 24(b), USCMCR Rules of Practice, *cf. In re CBI Holding Co., Inc.,* 424 F.3d 265, 266 (2d Cir.2005). The grounds for recusal are found in Rule 24(a), and are both permissive and mandatory:

> Judges *may* recuse themselves under any circumstances considered sufficient to require such action. Judges *must* disqualify themselves under circumstances set forth in 28 U.S.C. § 455, or

in accordance with Canon 3C, Code of Conduct for United States Judges as adopted by the Judicial Conference of the United States.

(Emphasis added.).[2]

Section 455, Title 28 is the disqualification statute for the federal judiciary. It applies to justices and judges "of the United States." However, as discussed below, it does not apply to all federal judges, and the exclusion extends to the judges of this Court. Thus, the need for our Court's Rule 24(a).

 The grounds for disqualification or recusal in Canon 3C are substantively the same as found in § 455. If the circumstances described in § 455 or Canon 3C are present, then recusal is mandatory. The grounds for mandatory recusal, also called disqualification, include when the judge's impartiality might reasonably be questioned, bias, prior involvement as an attorney in the matter before the court, or financial interest in it. Recusal for partiality or bias is required if established in fact or appearance. The other grounds are fact-based circumstances. Section 455 is " 'designed to promote the public's confidence in the impartiality and integrity of the judicial process," and the standard for recusal is an "objective" one. *United States v. Scrushy,* 721 F.3d 1288, 1303 (11th Cir.2013) (citations omitted). In other words, maintaining the integrity of judicial proceedings is the societal good that is promoted by the enumerated grounds for mandatory recusal, and not a basis in and of itself for that type of recusal.

 Khadr, however, does not present any facts that require mandatory recusal or disqualification under the standards set forth in § 455 or Canon 3C. He does not argue that my "impartiality might reason-

**2.** Curiously, Khadr's motion does not cite Rule 24(a), § 455, or Canon 3C.

ably be questioned" or that I have "a personal bias or prejudice concerning" him, or have "personal knowledge of disputed evidentiary facts concerning" appellant's case, or any other statutorily or canonical recognized basis for mandatory recusal.

■ USCMCR Rule 24(a) also provides for permissive recusal "under any circumstances considered sufficient to require such action." However, the circumstances Khadr advances for permissive recusal simply have no merit. Specifically, he contends that, "Judge Pollard's continued practice of law creates an insuperable appearance of impropriety which undermines 'public confidence in the integrity of the judicial system.'" Appellant's Aug. 20, 2014 Motion to Recuse Judge Pollard 4. This meets "The test for appearance of impropriety, [which] is whether the conduct would create in reasonable minds a perception that the judge violated this Code or engaged in other conduct that adversely reflects on the judge's honesty, impartiality, temperament, or fitness to serve as a judge." *Id.* (quoting American Bar Association Model Code of Judicial Conduct, Rule 1.2, cmt. 5.).

The linchpin of Khadr's first asserted ground for permissive recusal is that I am a "judge appointed under the authority of the United States" and, as such, my continued practice of law is an impeachable offense. Appellant's Aug. 5, 2014 Motion to Recuse Judge Pollard 3. The threshold issue is whether I am a judge appointed under the authority of the United States. Literally, each federal judge holds his or her office under such authority, but 28 U.S.C. § 454 and other provisions in Ch. 21 of Title 28 are not directed at all federal judges.[3]

Title 28 U.S.C. § 451 provides the definitions for Title 28 as follows:

The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title [28 USCS §§ 81 et seq.], including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

The terms "district court" and "district court of the United States" mean the courts constituted by chapter 5 of this title [28 USCS §§ 81 et seq.].

The term "judge of the United States" includes judges of the courts of appeals, district courts, Court of International Trade and any court created by Act of Congress, the judges of which are entitled to hold office during good behavior.

Section 460 describes the applicability of Title 28 to other courts as follows:

(a) Sections 452 through 459 and section 462 of this chapter [28 USCS §§ 452–459 and 462] shall also apply to the United States Claims Court [United States Court of Federal Claims], to each court created by Act of Congress in a territory which is invested with any jurisdiction of a district court of the United States, and to the judges thereof.

The United States Court of Federal Claims is an Article I court whose judges are appointed under the authority of the United States, as is the USCMCR. *See* 28 U.S.C. § 171(a) and 10 U.S.C. § 950f(a).

Section 460 would not be necessary if § 454 reached all federal judges who were appointed under the authority of the United States. Congress' omission of any other Article I courts in § 460 must be read as excluding all other such courts from the reach of § 454 as well as other provisions

---

3. Section 455 is one of several statutes

(§§ 451–463) that comprise Ch. 21 of Title 28.

in Title 28, Ch. 21. *Expressio unius est exclusio alterius* (the inclusion of one is the exclusion of others) is a basic precept of statutory construction. *See Andrus v. Glover Const. Co.*, 446 U.S. 608, 616–17, 100 S.Ct. 1905, 64 L.Ed.2d 548 (1980) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent.").

This was the precise holding in *Nobles v. C.I.R.*, 105 F.3d 436, 438 (9th Cir.1997). There, the Ninth Circuit had to determine whether § 455 applied to judges of the Tax Court. It held that it did not because Congress did not include that court in § 460. *Id.* "Tax court judges serve only a fifteen year term and therefore do not fall within [the] definition" in 28 U.S.C. § 451 of judges "entitled to hold office during good behavior." *Id.* The Court of Military Appeals reached the same conclusion stating, "As the term 'judge of the United States' is defined in 28 U.S.C. § 451 as 'judges of ... any court created by Act of Congress, the judges of which are entitled to hold office during good behavior,' we conclude [§ 454] is inapplicable to military judges." *United States v. Rachels*, 6 M.J. 232, 234 (C.M.A.1979).

Moreover, read contextually, the focus of the statutes in Chapter 21 is to regulate the conduct of Article III judges. Accordingly, the premise of Khadr's argument—that I am subject to § 454 solely because of my appointment—fails. For the same reason, this Court holds that § 454 does not apply to it.

Khadr makes another argument regarding why I am subject to § 454. He states:

Title 28 also defines the term "judge of the United States" to include "any court created by Act of Congress, the judges of which are entitled to hold office during good behavior." 28 U.S.C. § 451. A duly appointed civilian CMCR judge falls within this definition, since this Court is a "court created by Act of Congress" and the Military Commissions Act ("MCA") places no limits on their tenure in office.

Appellant's Aug. 5, 2014 Motion to Recuse Judge Pollard 3–4.

Khadr is mistaken. While an Act of Congress creates our Court, the civilian judges of the Court do not "hold office during good behavior." Therefore, § 454 does not apply to the civilian judges of our Court.

"Good behavior" is a term of art that appears in Article III, Section 1 of the Constitution. It signifies a judge's appointment as an Article III judge who "enjoy life tenure, subject only to removal by impeachment." *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 59–61, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *In re Perroton*, 958 F.2d 889, 893 (9th Cir.1992). It is true that 10 U.S.C. § 950f does not include a term limit for the civilian judges appointed pursuant to the 2009 MCA, but that does not make our judges Article III judges. Rather, it means that the President does not have the power to remove the civilian judges in the unfettered exercise of executive power. The Supreme Court so held in *Wiener v. United States*, 357 U.S. 349, 356, 78 S.Ct. 1275, 2 L.Ed.2d 1377 (1958). There, the Court rejected the effort of a newly-elected president to remove a member of a congressionally created adjudicatory body that also had no stated term of office in the statute that created it, holding:

Judging the matter in all the nakedness in which it is presented, namely, the claim that the President could remove a member of an adjudicatory body like the War Claims Commission merely because he wanted his own appointees on such a Commission, we are compelled to con-

clude that no such power is given to the President directly by the Constitution, and none is impliedly conferred upon him by statute simply because Congress said nothing about it.

*Id.* (citing *Humphrey's Executor v. United States,* 295 U.S. 602, 629, 55 S.Ct. 869, 79 L.Ed. 1611 (1935)). *See also Morrison v. Olson,* 487 U.S. 654, 686–91, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988) (discussing *Wiener* ).

Subsequently, the Executive Branch recognized this limitation on presidential power of removal with respect to adjudicative bodies. *See, e.g., The Constitutional Separation of Powers Between the President and Congress,* 20 Op. O.L.C. 124 (1996). There, the Office of Legal Counsel of the Department of Justice, said: "In situations in which Congress does not enact express removal limitations, we believe that the executive branch should resist any further application of the *Wiener* rationale, under which a court may infer the existence of a for-cause limit on presidential removal, *except with respect to officers whose only functions are adjudicatory.*" (emphasis added). 20 Op. O.L.C. at 170. It further said: "On the basis of precedent, and in light of the understandable tendency of Article III judges to value tenure protection positively, it is safe to assume that courts will continue to apply *Wiener* with respect to officials whose primary duties involve the adjudication of disputes involving private persons." *Id.* at 170 n. 120.

The lack of a statutory tenure clause, however, does not mean that an Article I judge serves during good behavior and can only be removed by impeachment for one of the reasons enumerated in the Impeachment Clause. Rather, as *Wiener* recognized, a federal employee who has adjudi-

cative responsibility but who is not an Article III judge may be subject to removal "for cause," 357 U.S. at 356, 78 S.Ct. 1275, and the term "cause" is broader than the term "good behavior." *See e.g.,* 10 U.S.C. § 942(c) (stating "Judges of the [Court of Appeals for the Armed Forces] may be removed from office by the President, upon notice and hearing, for—(1) neglect of duty; (2) misconduct; or (3) mental or physical disability. A judge may not be removed by the President for any other cause.").

Thus, a civilian judge of our Court may be removed for more than the reasons expressed in the Impeachment Clause if Congress enacts a statute providing for removal based on cause.[4] Khadr's attempt to apply § 454 to the civilian judges of this Court based on his "good behavior" argument fails for this reason.

■ Khadr's second motion speculates that I may have violated federal criminal law, 18 U.S.C. §§ 203 and 205, by my practice of law and my compensation arrangement with my law firm, and that this creates an appearance of impropriety for which I should recuse myself. Upon my appointment as a judge, DOD designated me a Special Government Employee (SGE) under 18 U.S.C. § 202. That statute allows me to practice law, albeit with certain limitations that are based upon my judicial work. *See, e.g.,* § 203(c). My practice of law and affiliation with my law firm are within the permissible bounds for an SGE. Further, I have reviewed all of the statutes, rules, and regulations that appear to touch upon the ethical obligations and restrictions that are imposed upon me as a federal judge, and have concluded that I am in compliance with them.

---

**4.** I express no opinion regarding whether a civilian judge can be removed for cause in the absence of a statutory removal provision.

Even if my status as a SGE did not resolve the issue, Khadr's motion would have to be denied because of his failure to make even a colorable factual showing that I may have violated of 18 U.S.C. §§ 203, 205. A recusal motion must be predicated on facts, and not on guesswork or an admitted unawareness of the relevant facts.

Accordingly, for these reasons, I decline to recuse myself, and Khadr's motions are denied.

**IT IS HEREBY ORDERED** that

the abeyance order dated July 11, 2014 is lifted to the extent necessary to resolve the motion addressed by this Order regarding the request to Judge Pollard to recuse himself.

**IT IS FURTHER ORDERED** that

Appellant Khadr's August 5, 2014 and August 20, 2014 motions asking that Presiding Judge Pollard recuse himself in Khadr's appeal pending before the Court are DENIED.