# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued August 2, 2017        Decided August 9, 2017

No. 17-1156

IN RE: KHALID SHAIKH MOHAMMAD,
PETITIONER

———

On Petition for a Writ of Mandamus and Prohibition to Order
Recusal of Judge Scott L. Silliman from Serving in
Petitioner's Case in the United States Court of Military
Commission Review

———

*David Z. Nevin*, pro hac vice, argued the cause for petitioner. With him on the petition for writ of mandamus and the reply were *Rita J. Radostitz* and *Derek A. Poteet*.

*Amy Brown* and *Samuel Rosenthal* were on the brief for *amicus curiae* Ethics Bureau at Yale in support of petitioner.

*Danielle S. Tarin*, Attorney, U.S. Department of Justice, argued the cause for respondent. With her on the opposition to the petition for writ of mandamus was *Joseph F. Palmer*, Attorney.

Before: ROGERS, TATEL and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: Petitioner Khalid Shaikh Mohammad is a detainee at Guantanamo Bay, Cuba, who is currently being tried by military commission on charges of planning and bringing about the attacks of September 11, 2001. He asks this Court to issue a writ of mandamus directing that the Hon. Scott L. Silliman of the United States Court of Military Commission Review (CMCR) recuse himself from serving as a judge in Petitioner's case on the basis of public statements made by Judge Silliman prior to and during his service on that court. Specifically, Petitioner identifies more than a dozen statements—from press interviews, speeches, and academic writing—that he says indicate Judge Silliman is biased against him. In addition, Petitioner asks us to vacate a June 29, 2017, opinion by a panel of the CMCR that included Judge Silliman.

"The statutes governing military commissions afford this Court jurisdiction only over 'a final judgment rendered by a military commission.'" *In re Khadr*, 823 F.3d 92, 97 n.2 (D.C. Cir. 2016) (quoting 10 U.S.C. § 950g(a)). But, as we have explained, "[t]he All Writs Act allows us to issue 'all writs necessary or appropriate in aid of [our] jurisdiction[,]'" such that we "can issue a writ of mandamus *now* to protect the exercise of our appellate jurisdiction *later*." *In re al-Nashiri*, 791 F.3d 71, 75–76 (D.C. Cir. 2015) (quoting 28 U.S.C. § 1651). The Government does not contest our jurisdiction to entertain Petitioner's writ.

On the merits, issuance of a writ of mandamus is appropriate only if three conditions are met:

> First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires . . . . Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have

been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 380–81 (2004) (citations, alterations, and quotation marks omitted). In this case, only the second condition—clear and indisputable entitlement to the writ—is disputed. As to the first, whether Petitioner has "no other adequate means to attain the relief he desires," *id.* at 380, this court has explained that mandamus is an appropriate vehicle for seeking recusal of a judicial officer during the pendency of a case, as "ordinary appellate review" following a final judgment is "insufficient" to cure "the existence of actual or apparent *bias*"—"[w]ith actual bias . . . because it is too difficult to detect all of the ways that bias can influence a proceeding" and "[w]ith apparent bias" because it "fails to restore public confidence in the integrity of the judicial process," *al-Nashiri*, 791 F.3d at 79 (citations and quotation marks omitted). As to the third, whether issuance of the writ would be "appropriate under the circumstances," *Cheney*, 542 U.S. at 381, the Government offers no reason, nor can we detect one, why we should withhold issuance of the writ if Petitioner is otherwise entitled to it.

Although Petitioner cites several bases for seeking Judge Silliman's recusal, resolution of this case requires discussion of only one. Under Rule 25 of the CMCR's Rules of Practice, "[j]udges must disqualify themselves under circumstances set forth in 28 U.S.C. § 455, [Rules for Military Commissions (R.M.C.)] 902, or in accordance with Canon 3C, Code of Conduct for United States Judges." In denying the motion for his recusal, Judge Silliman analyzed his statements and conduct in light of Rule 25. Insofar as he considered Rule 902, he focused on subsection (b)(1), which provides that "[a]

military judge shall . . . disqualify himself . . . [w]here the military judge has a personal bias or prejudice concerning a party . . . ." *See* Silliman Dec. and Order, June 29, 2017, at 6. We need not decide whether the judge's comments, viewed cumulatively, required recusal under subsection (b)(1) because his recusal was required under subsection (b)(3), which provides that "[a] military judge shall . . . disqualify himself . . . [w]here the military judge . . . , except in the performance of duties as military judge in a previous trial of the same or a related case, has expressed an opinion concerning the guilt or innocence of the accused." R.M.C. 902(b)(3).

As Petitioner explains, Judge Silliman has done just that: expressed an opinion that Petitioner is guilty of the very crimes of which he is accused. Specifically, he points to an interview that then-professor Silliman gave to *The World Today* in 2010, prior to his appointment to the CMCR. Pet. App. 148–50. In that interview, which concerned the trial of Guantanamo Bay detainee Ahmed Khalfan Ghailani, Silliman stated that: "We've got the major conspirators in the 9/11 attacks still at Guantanamo Bay—Khalid Sheikh Mohammed and four others." *Id.* at 149. Later in the interview, Silliman said that "[t]o compare Ghailani to Khalid Sheikh Mohammed, they're two totally different types of cases. And the magnitude of *what they did* is very different." *Id.* (emphasis added).

Those statements represent the "express[ion] [of] an opinion concerning the guilt or innocence" of Petitioner within the plain meaning of Rule 902(b)(3). While the Rule contains an exception for statements made "in the performance of duties as military judge in a previous trial of the same or a related case," that has no application here, as Judge Silliman's statements were not made "in the performance of duties as military judge" but before he was ever appointed to the CMCR. R.M.C. 902(b)(3). Because the Rule prescribes that a military

judge who has expressed such an opinion "shall . . . disqualify himself," R.M.C. 902(b)(3), and Judge Silliman failed to do so, Petitioner has adequately demonstrated that his "right to issuance of the writ is clear and indisputable." *Cheney*, 542 U.S. at 381 (citation and internal quotation marks omitted).

The Government offers four reasons to resist this conclusion, none of which has merit. First, the Government points out that Judge Silliman made these statements prior to his appointment as a judge. True enough, but the text of Rule 902(b)(3) contains no such limitation. Rather, by its own terms, the only exception in the Rule is a carve-out for statements made "in the performance of duties as military judge." R.M.C. 902(b)(3). At oral argument, government counsel cited two cases in support of its peculiar reading, but neither has anything to do with nor even cites Rule for Military Commissions 902, or its analogue, Rule for Court Martial 902. *See United States v. Bradley*, 7 M.J. 332 (C.M.A. 1979); *United States v. Cooper*, 8 M.J. 5 (C.M.A. 1979). Government counsel also alluded to authority for the proposition that Rule for Court Martial 902 "is based on the statute governing disqualification of federal civilian judges, 28 U.S.C. § 455[,]" *United States v. Norfleet*, 53 M.J. 262, 269 (C.A.A.F. 2000), but the text of 902(b)(3) differs materially from section 455(b)(3), even if the former is "based on" the latter. *Id.*; *see* 28 U.S.C. § 455(b)(3) ("He shall also disqualify himself . . . [w]here he has served in governmental employment and in such capacity . . . expressed an opinion concerning the merits of the particular case in controversy."). In short, the Government has shown this Court no authority that supports reading Rule 902(b)(3) contrary to its plain terms.

Second, the Government argues that Judge Silliman's statements "reflect information that had been widely reported in the public—including the fact that [P]etitioner had been

charged for his alleged role in the attacks, admitted responsibility for his alleged role, and expressed his intent to plead guilty to the charges." Government Opp'n at 11. But even those who have made confessions are entitled to the presumption of innocence; Petitioner claims that such statements were the "sequelae of his subjection to an extensive course of torture" by the Central Intelligence Agency, Pet. Reply at 18; and—most importantly for our purposes—Rule 902(b)(3)'s text provides no room to conclude that the Rule is unconcerned with the "express[ion] [of] an opinion concerning the guilt or innocence of the accused" so long as that opinion is based on public information, R.M.C. 902(b)(3).

Third, the Government contends that nothing in then-professor Silliman's "statements suggest that, if he became a judge, he could not set aside his prior opinions about the attacks and related issues and judge the case based on the law and record evidence before him." Government Opp'n at 11–12. Were the Court considering this case under the catchall recusal provision in Rule of Military Commissions 902(a), which requires that a "military judge shall disqualify himself or herself in any proceeding in which that military judge's impartiality *might reasonably be questioned*," R.M.C. 902(a) (emphasis added), then the issue would be whether a "reasonable person, knowing the relevant facts" would perceive "an appearance of partiality," *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 850 (1988) (discussing the analogous structure of 28 U.S.C. § 455). But Rule 902(b) is a "stricter provision," *id.* at 859 n.8, specifying mandatory disqualification under its enumerated circumstances, including where a military judge has "expressed an opinion concerning the guilt or innocence of the accused," R.M.C. 902(b)(3). In essence, the Government argues that a reasonable person would disregard Judge Silliman's violation of Rule 902(b)(3), but the Rule itself is not so accommodating.

Finally, the Government suggests that "Judge Silliman did not express a personal view in his statements as a law professor that [P]etitioner or his co-defendants were guilty of the charged offenses." Government Opp'n at 11. But the Court can hardly perceive how calling Petitioner one of the "major conspirators in the 9/11 attacks" and referring to what he "did" is anything *other* than the expression of an opinion concerning his responsibility for those attacks. Pet. App. at 148.

Because Petitioner has satisfied all three conditions for its issuance, we grant the petition for a writ of mandamus recusing Judge Silliman and vacate the June 29, 2017, decision of the CMCR.

*So ordered.*